IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.: 1:06-CV-91 (WLS) |
| Dr. DWAYNE AYERS; Nurse ALISHA POTER; Nurse RHONDA WRIGHT, | : | |
| Defendants. | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **GREGORY GILLILAN**, presently incarcerated at Calhoun State Prison in Morgan, Georgia, has filed yet another *pro se* civil rights complaint under 42 U.S.C. §1983 accompanied by a motion to proceed without prepayment of the filing fee or security therefor under 28 U.S.C. § 1915(a). It appears that plaintiff is unable to pay the cost of commencing this action and, therefore, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has

no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

In his latest complaint, plaintiff alleges that on August 25, 2005, August 29, 2005, August 30, 2005, September 9, 2005, April 4, 2006, April 5, 2006, May 4, 2006, May 5, 2006, June 12, 2006, and June 13, 2006, Nurse Alisha Poter refused to give him necessary medication for treatment of his "cancer virus." Additionally, plaintiff alleges that on August 1, 2005, August 27, 2005, and August 28, 2005, Nurse Rhonda Wright refused to give him medication for his "cancer virus."

Plaintiff is to supplement his complaint by providing the Court with the exact name of the medication(s) he was supposed to receive and that Nurses Poter and Wright allegedly refused to give him. Moreover, plaintiff is to tell the Court exactly how he suffered due to his failure to receive this medication. Finally, plaintiff needs to inform the Court of exactly what he means by the term "cancer virus." Specifically, plaintiff needs to inform the Court of what type of cancer he is suffering.

Moreover, plaintiff states that Nurse Poter and Nurse Rhonda Wright have " violated a Court Order" by failing to give him this unspecified medication on these dates. Plaintiff must provide the Court with the Civil Action Number from the case in which this "Court Order" originated. Plaintiff seems to refer to *Gillilan v. Ayers*, 1:05-CV-80 (WLS). However, a review of the record in this case reveals no "Court Order" that requires any medication be given to plaintiff.

Plaintiff shall have until July 28, 2006 to submit a supplemental complaint.  If plaintiff fails to respond to this Order in a timely manner, this action shall be dismissed.  There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 29th  day of June, 2006.

/s/ *Richa rd L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb